Appeal dismissed, without costs, upon the ground that it presents questions other than the constitutionality of a statute (N. Y. Const., art. VI, § 3, subd. b, par. [2]; Civ. Prac. Act, § 588, subd. 4, now CPLE 5601, subd. [b], par. 2).
Concur: Chief Judge Desmond and Judges Burke, Soxleppi and Bergan. Judges Dye, Furd and Van Voorhis dissent from the dismissal of the appeal in the following memorandum: The direct appeal taken by the plaintiff, pursuant to Constitution (N. Y. Const., art. VT, § 3, subd. b, par. [2]) and statute (CPLE 5601, subd. [b], par. 2), is proper and should be entertained ; as the notice of appeal recites, the only question involved is the validity, under the provisions of the First and Fourteenth Amendments to the United States Constitution, of section 1141 of the Penal Law as applied to the book, “ Tropic of Cancer”. (See O’Kane v. State of New York, 283 N. Y. 439, 442.) The purpose of our direct appeal provision is to “ obviate ” the “unnecessary delay and expense” which would follow from requiring recourse to the ordinary appellate route “ where an ultimate appeal to the Court of Appeals [is] certain to be taken ” (1921 Eeport of Judiciary Constitutional Convention, N. Y. Legis. Doc., 1922, No. 37, p. 19). In the case before us, the issue presented, involving a question under the Federal Constitution of high importance and interest, must and will be ultimately determined by the Supreme Court of the United States. .We should, therefore, strive to uphold the direct appeal where, as here, it may reasonably be done. On the merits of the appeal, it is sufficient to say that we adhere to the views expressed by us in dissent in People v. Fritch (13 N Y 2d 119, 129 et seq.) and, accordingly, vote to reverse.